IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14cv731-MHT-WC |
| | ) | |
| STEPHEN GOZDAN and | ) | |
| ROBERT D. STILES, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1). On August 8, 2014, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 5).

Plaintiff requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which obligates the court to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

1

Upon review of the Complaint, the court finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim on which relief may be granted.

## I.    BACKGROUND

On August 6, 2014, proceeding "*In Propria Persona Sui Juris*," and using "The Moorish National Republic" letterhead, Plaintiff filed a Complaint alleging, as best the court can discern, that Defendants are planning to foreclose, or have already foreclosed, unlawfully on Plaintiff's home located at 4343 Longleaf Drive, Montgomery, Alabama 36108.  Compl. (Doc. 1) at 3-4.  Plaintiff states,

> The failure of the LENDER to give value[] prevents the security interest from attaching to the collateral, and therefore there is NOT an enforceable right against the Debtor, in regard to the debtor[']s property.  The mortgage company did not loan [Plaintiff] any money, gold, or silver[;] therefore[,] they cannot attach or foreclose on property.

*Id.* at 4.  Plaintiff also alleges that he previously mailed a "Writ in the Nature of Discovery and Disclosure" and an "Affidavit of Fact: Notice of Default Judgment" to each Defendant, neither of whom responded, and "[f]or any person to imply that the Writ in the Nature of Discovery does not have to be honored is a violation of [Plaintiff's] Constitutionally Secured Rights to Due Process of Law." *Id.* at 3.  Plaintiff asserts that Defendants also violated their duty to "uphold the commercial law of contracts" by failing to honor the aforementioned documents served upon them.  *Id.* at 4.  Plaintiff alleges that Defendants' acts and omissions violate rights guaranteed to Plaintiff through

the "Constitution/Treaty and laws of these United States Republic." *Id.* at 1.

Plaintiff seeks the following relief: that Moorish National laws be enforced; "due process"; that this court "stop these abuses of the colorable authority by the Plaintiff as it pertain to this Petitioner"; that any criminal charges found be "placed upon the Respondents"; that this court "view this Petitioner . . . not as a (brand) NEGRO, BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or any other SLAVE TITLE"; that the United States Supreme Court "carry out their Judicial Duty in 'Good Faith' by ordering Plaintiff to be brought before the Law to answer for their criminal and unjust actions"; that "[a]ll UNCONSTITUTIONAL 'Order' or 'Action' associated with it / them, to be dismissed and expunged for the record on it's face and merits"; that "[a]ll Agents, State and Federal Officials, Contractors" to be "informed of the Law of the Land (Constitution) and their obligation to uphold the same"; and compensatory and punitive damages. *Id.* at 4-5.

On August 14, 2014, the court entered an Order (Doc. 6) granting Plaintiff leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915(e).

## II. DISCUSSION

Plaintiff's claims are due to be dismissed as frivolous and for failure to state a claim upon which relief can be granted because Plaintiff has failed to establish a jurisdictional basis for his claims. Plaintiff asserts "[j]urisdiction of this court is invoked

the "Constitution/Treaty and laws of these United States Republic." *Id.* at 1.

Plaintiff seeks the following relief: that Moorish National laws be enforced; "due process"; that this court "stop these abuses of the colorable authority by the Plaintiff as it pertain to this Petitioner"; that any criminal charges found be "placed upon the Respondents"; that this court "view this Petitioner . . . not as a (brand) NEGRO, BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or any other SLAVE TITLE"; that the United States Supreme Court "carry out their Judicial Duty in 'Good Faith' by ordering Plaintiff to be brought before the Law to answer for their criminal and unjust actions"; that "[a]ll UNCONSTITUTIONAL 'Order' or 'Action' associated with it / them, to be dismissed and expunged for the record on it's face and merits"; that "[a]ll Agents, State and Federal Officials, Contractors" to be "informed of the Law of the Land (Constitution) and their obligation to uphold the same"; and compensatory and punitive damages. *Id.* at 4-5.

On August 14, 2014, the court entered an Order (Doc. 6) granting Plaintiff leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915(e).

**II.   DISCUSSION**

Plaintiff's claims are due to be dismissed as frivolous and for failure to state a claim upon which relief can be granted because Plaintiff has failed to establish a jurisdictional basis for his claims. Plaintiff asserts "[j]urisdiction of this court is invoked

under The Zodiac Constitution" and the action is brought to secure rights guaranteed "by the Constitution / Treaty and laws of these United States Republic." Compl. (Doc. 1) at 1.

> . . . Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain a short and plain statement of the grounds for the court's jurisdiction. A court may find a basis for federal question jurisdiction even if a complaint lacks such a jurisdictional statement, so long as the complaint makes references to federal law sufficient to permit the court to find § 1331 jurisdiction. However, where a complaint is devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the plaintiff's cause of action arises under federal law, we have held that the allegations are insufficient to establish jurisdiction under § 1331.

*Scarborough v. Carotex Const., Inc.*, 420 F. App'x 870, 873 (11th Cir. 2011) (internal quotations and citations omitted).

This court lacks subject matter jurisdiction to enforce "The Zodiac Constitution" or the "Treaties of Peace and Friendship" cited by Plaintiff in the Complaint. *See Bey v. Ohio*, 1:11 CV 1306, 2011 WL 4944396 (N.D. Ohio Oct. 17, 2011) ("While [the Zodiac Constitution and laws of the Moorish National Republic] may be of great personal importance to the Plaintiff, they are not recognized by federal courts as binding legal authority."); *El Bey v. Dialysis Clinic, Inc.*, 99 CIV 12156 DLC, 2001 WL 228119 (S.D.N.Y. Mar. 8, 2001) ("[T]his Court does not have jurisdiction under Article III of the United States Constitution to hear [claims regarding violations of the Zodiac Constitution] because they do not arise under the Constitution or the laws or treaties of the United States."); *Bey v. Philadelphia Passport Agency-M*, 1986 WL 559 (E.D. Pa.

4

Dec. 30, 1986), *aff'd*, 829 F.2d 30 (3d Cir. 1987) ("Claims for violation of [] rights under the Moorish Zodiac Constitution are not cognizable in this court.").

Plaintiff has also failed to establish jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  "Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000." 28 U.S.C. § 1332(a).  Plaintiff did not plead an amount in controversy.

If Plaintiff seeks to establish jurisdiction pursuant to 42 U.S.C. § 1983 for a violation of rights guaranteed by the Constitution of the United States of America, Plaintiff still fails to state a claim upon which relief can be granted.

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Here, Plaintiff named only private, non-state actors as Defendants and did not allege that Defendants were acting under color of state law.  Thus, even if Plaintiff was attempting to bring this action under § 1983, he still has failed to state a claim upon which relief can be granted.

Lastly, the court notes that, while a reviewing court is required to consider *pro se* complaints more liberally than those prepared by an attorney, *pro se* plaintiffs are

required to follow the same procedural and pleading rules as other litigants. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). Given the sheer frivolity of Plaintiff's allegations and his inability to state any viable claim for relief pursuant to the legal theories and authorities he has presented, the court finds that allowing Plaintiff to amend the complaint would be futile and, thus, is not warranted in this instance.

### III. CONCLUSION

Accordingly, for the reasons stated above, it is

the RECOMMENDATION of the Magistrate Judge that Plaintiff's case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the Complaint is frivolous on its face and fails to state a claim on which relief may be granted.

It is further

ORDERED that the Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **September 26, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE